COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on the Complaint of LINNY PERRICONE, Appellant, v. SAMUEL MENKES, Respondent.— Order of the Court of Special Sessions of the City of New York, Borough of Brooklyn, adjudging defendant not to be the father of complainant's child unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on the Complaint of MARIE DE FAL, Respondent, v. ARTHUR PELO, Appellant.— Order of filiation of the Court of Special Sessions of the City of New York, Borough of Brooklyn, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

AGNES W. D'AMBROSIO and CARMELA D'AMBROSIO, as Administratrices, etc., of ANTONIO D'AMBROSIO, Deceased, Respondents, v. GRACE SCHWARTZ, Appellant and JACK SCHWARTZ, Defendant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ.

ODALINE SIMONS DANIELS, for and on Behalf of Herself and All Stockholders of the SAWPITS REALTY CORPORATION, Similarly Situated, Respondent, v. ANTHONY STEINMETZ and Others, Defendants, Impleaded with JOSEPH VON BEVERN, Appellant.— Order denying motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper and Tompkins, JJ., concur; Davis, J., concurs on the ground that whatever remedy appellant had was under rule 102 of the Rules of Civil Practice, and not under rule 112. No grounds for dismissal based on the latter rule were presented in the motion papers.

EINAR B. ERIKSEN, Appellant, v. HAROLD HOWE, Respondent.— Orders, in so far as appealed from, affirmed, with ten dollars costs and disbursements; examination to be made and production and discovery to be had on five days' notice. Under the pleadings plaintiff is entitled to an interlocutory judgment for an accounting. The only possible question to be litigated is the interests of the parties in the invention. Therefore, the examination before trial allowed is more than required. Upon the taking of the account, either directly upon the granting of the interlocutory judgment or before a referee, plaintiff will have ample opportunity to inquire into details of money and property received by defendant. Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ., concur.

E. GISONDI, INC., Respondent, v. MORRIS GINSBURG, Defendant, and IDA GINSBURG, Appellant.— Order granting plaintiff's motion for an examination before trial affirmed, with twenty-five dollars costs and disbursements. The examination is to proceed on five days' notice before the person named and at the place and hour stated in the order. No opinion. Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ., concur.